IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-02167-RM-MJW

MADINA BUHENDWA,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Bus Pass;
(15) BOARD OF DIRECTORS, in their official capacity;
JAMES A. STADLER, in his official capacity;
STEPHEN P. SCHMITZ, in his official capacity;
UNKNOWN DRIVER, in his official capacity;
BENJAMIN NORMAN, in his official capacity;
BILL JAMES;
BARBARA DEADWYLER;
ANGIE RIVERA-MULPIEDE;
JEFF WALKER;
CLAUDIA FOLSKA;
TOM TOBIASSEN;
GARY LASATER;
KENT BAYLEY;
JUDY LUBOW;
LARRY HOY;
PAUL DANIEL SOLAMO;
LORRAINE ANDERSON;
NATALIE MENTEN;
BRUCE DOLTY; and
CHARLES L. SISK,

    Defendants.

---

## ORDER IMPOSING FILING RESTRICTIONS
---

    By Order dated January 18, 2018, the Court determined that, due to her lengthy and abusive filing history, filing restrictions limiting Plaintiff's ability to make *pro se* filings are

appropriate, unless Plaintiff responded by January 29, 2018, showing filing restrictions should not enter. (*See* ECF No. 32.) The Order set forth Plaintiff's filing history, summarizing the various actions she has filed against Defendants; set forth guidelines as to what Plaintiff must do if she wishes to obtain permission from the court to make *pro se* filings; and provided Plaintiff with notice and an opportunity to oppose the imposition of filing restrictions.

On January 25, 2018, Plaintiff filed a "Motion to Object" (the "Objection") (ECF No. 35), which fails to show that restrictions should not enter. Except for two issues (which the Court addresses below), Plaintiff's Motion generally reargues and raises matters which have already been raised and rejected in this and/or her previous cases,[1] without showing any legal or factual basis that such matters can or should be revisited; and makes conclusory arguments and challenges which are wholly without merit or do not otherwise show restrictions should not be imposed.

As for the two issues which bear some discussion, they too fail to show restrictions should not enter. First, Plaintiff contends Defendant RTD and the 15 Board of Directors were served by the service of 15 copies of her summons and complaint on the RTD. Plaintiff, however, has not shown this is sufficient service. Moreover, even assuming, *arguendo*, such service was sufficient, this does not negate the fact that the case was stayed, the Court's finding that all Defendants are subject to dismissal, or the finding that restrictions are warranted. Secondly, although unclear, it appears Plaintiff may be arguing that the document which the Court construed as one response (ECF No. 32, pages 2, 9) contains a motion as a separate document. But, the Court has already found that even if it considered Plaintiff's motions

---

[1] Some arguments have been rejected repeatedly.

(requests for relief), she failed to show any relief requested should or may be afforded. Thus, this also does not show sanctions are unwarranted. Accordingly, the Court overrules Plaintiff's Objection.[2] For the reasons set forth in the January 18, 2018, Order, as amended by Minute Order of January 29, 2018, except for modifications as to *pro se* filings in *this case*, the filing restrictions listed therein are now an Order of the Court limiting Plaintiff Madina Buhendwa's ability to make *pro se* filings in the United States District Court for the District of Colorado in or related to the subject matters in the following District of Colorado cases: (1) 12-cv-01711-PAB-CBS; (2) 14-cv-00720-PAB-CBS; (3) 16-cv-03119-LTB; and (4) 17-cv-02167-RM-MJW. As to *pro se* filings *in this case*, the Court lessens the restriction procedure as this Court will evaluate in the first instance the propriety of allowing any *pro se* filings in this case by Plaintiff.[3]

Accordingly, it is

**ORDERED** that Plaintiff's Motion to Object (ECF No. 35) is **OVERRULED** and **DENIED**; and it is

**FURTHER ORDERED** that Defendant RTD's Motion for Filing Sanctions contained in their "Motion to Dismiss and For Filing Sanctions" (ECF No. 14) is **GRANTED**; and it is

**FURTHER ORDERED** that the following **injunction** is **effective January 30, 2018**:

1. Unless Plaintiff first obtains leave as provided in this paragraph, she is **ENJOINED** from any further *pro se* filings *in this case* relating to any claims or matters which were brought or could have been brought in the following cases: (1) 12-cv-01711-PAB-CBS; (2) 14-cv-00720-PAB-CBS; and (3) 16-cv-03119-LTB. Upon the

---

[2] To the extent Plaintiff's Objection is a challenge to or a request for reconsideration of the Order, she completely fails to show the requirements for relief have been met. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (discussing grounds for reconsideration).
[3] Attached is a redlined copy showing the modifications to the original proposed restriction for *pro se* filings in this case.

presentation of any document for filing in this case by Plaintiff, whether by mail or otherwise, the Clerk of the Court shall forward the document to the Court who will make a determination of whether any *pro se* filing is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an order of denial;

2. Unless Plaintiff first obtains leave as provided below, she is **FURTHER ENJOINED** from bringing any *pro se* litigation in this District against any person (natural or artificial) and/or their attorneys relating to any claims or matters which were brought or could have been brought in the following four cases: (1) 12-cv-01711-PAB-CBS; (2) 14-cv-00720-PAB-CBS; (3) 16-cv-03119-LTB; and (4) 17-cv-02167-RM-MJW.

3. If Plaintiff, proceeding *pro se*, wishes to file a new lawsuit in the United States District Court for the District of Colorado, she shall file a petition with the Clerk of the Court requesting leave to file a complaint or other pleading that includes:

    A. A copy of the Court's January 18, 2018, Order, this Order, and any subsequent Order related to filing restrictions issued by this Court in this case;

    B. A copy of the proposed complaint or pleading;

    C. A list of all other lawsuits or other matters then pending or previously filed in the District of Colorado that involve the same or similar claims or parties as those in the following actions: (1) 12-cv-01711-PAB-CBS; (2) 14-cv-00720-PAB-CBS; (3) 16-cv-03119-LTB; and (4) 17-cv-02167-RM-MJW; and

    D. A notarized affidavit or unsworn declaration under 28 U.S.C. § 1746 that the claims or allegations have not been previously asserted and/or do not involve

issues previously litigated and resolved in the following actions: (1) 12-cv-01711-PAB-CBS; (2) 14-cv-00720-PAB-CBS; (3) 16-cv-03119-LTB; and (4) 17-cv-02167-RM-MJW; and

4. Plaintiff shall mail or otherwise deliver her submissions to the Clerk of the Court, who shall forward them to a judge of the District of Colorado for a determination of whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The court will either allow the filing or issue an order of denial. The failure to follow these procedures will result in the summary rejection of any future attempts to file a *pro se* complaint or other pleading in this court; and it is

**FURTHER ORDERED** that the Clerk shall enter **JUDGMENT** in favor of Defendants and against Plaintiff in accordance with the Court's January 18, 2018, Order (ECF No. 32), as amended by Minute Order of January 29, 2018 (ECF No. 37), and this Order; and it is

**FURTHER ORDERED** that, in light of the Court's rulings, Plaintiff's Motion for Interlocutory Appeal (ECF No. 36) is **DENIED AS MOOT**; and it is

**FURTHER ORDERED** that as the complaint and all claims have been dismissed, the Clerk is directed to **CLOSE** this case.

DATED this 29th day of January, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge