**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-02167-RM-MJW

MADINA BUHENDWA,

     Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Bus
Pass;
(15) BOARD OF DIRECTORS, in their official capacity;
JAMES A. STADLER, in his official capacity;
STEPHEN P. SCHMITZ, in his official capacity;
UNKNOWN DRIVER, in his official capacity;
BENJAMIN NORMAN, in his official capacity;
BILL JAMES;
BARBARA DEADWYLER;
ANGIE RIVERA-MULPIEDE;
JEFF WALKER;
CLAUDIA FOLSKA;
TOM TOBIASSEN;
GARY LASATER;
KENT BAYLEY;
JUDY LUBOW;
LARRY HOY;
PAUL DANIEL SOLAMO;
LORRAINE ANDERSON;
NATALIE MENTEN;
BRUCE DOLTY; and
CHARLES L. SISK,

     Defendants.

---

**ORDER**

---

This matter is before this Court on the Order (ECF No. 50) from the U.S. Court of

Appeals for the Tenth Circuit partially remanding Plaintiff Madina Buhendwa's appeal to this

Court for the following actions: (1) determine whether Ms. Buhendwa filed a motion for

extension of time ("Motion") before the District Court to file an appeal; and (2) if so, whether the Motion should be granted.

Pursuant to the Order, the Court has reviewed the case and determined that Ms. Buhendwa, proceeding *pro se* with paper filings, submitted the Motion for filing on February 2, 2018 (and it was stamped as filed that date). As the Court has imposed certain filing restrictions on Ms. Buhendwa (ECF Nos. 32, 37, 38), where appropriate, filings should be submitted to the Court for review and, if proper, approval for filing. There is no record, however, that the Motion was submitted to the Court, and the Court has no recollection of ever receiving such Motion for consideration.[1] Regardless, the Court has now reviewed the Motion, approved it for filing, and directed it be docketed. The Motion has been docketed under ECF No. 51, with a filing date of February 2, 2018, but with a notation that it was docketed on May 11, 2018.

The Court has also considered the Motion pursuant to Fed. R. App. P. 26(b)(1). Pursuant to Rule 26(b)(1), "[f]or good cause, the court may extend the time prescribed by these rules…. But the court may not extend the time to file: (1) a notice of appeal (except as authorized in Rule 4)." Four provisions in Rule 4 apply. The Court discusses each in turn.

First, Fed. R. App. 4(a)(1)(A), required Ms. Buhendwa to file her notice of appeal within 30 days after entry of the judgment or order appealed from. Second, pursuant to Fed. R. App. P. 4(a)(5)(A)(i), "[a] district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Here, Ms. Buhendwa submitted her Motion for consideration on February 2, 2018, four days after the entry of judgment. As the Court would have approved the Motion for filing as of that date, and the Clerk would have docketed it in the ECF system accordingly, the Court deems the Motion filed

---

[1] The system for transmittal of documents involving filing restrictions has now been modified to ensure that timely notice of a filing is provided to the proper judicial officer, and that a record is made of the same.

as of that date as reflected in the District Court's ECF system. Thus, Ms. Buhendwa's Motion was filed before the 30 days for appeal expired.

The third Rule 4 provision implicated in this matter involves notice to Defendants. Where a motion for extension is filed before the expiration of the time to do so, it "may filed be ex parte unless the court requires otherwise." Fed. R. App. 4(a)(5)(B). "If the motion is filed after the expiration of the prescribed time, however, notice must be given to the other parties in accordance with local rules." *Id.* In this case, while the Court deems the Motion as filed on February 2, 2018, it was not actually filed in the ECF system until May 11, 2018 – after the 30-day appeal period expired. On this record, the Court finds and requires that notice be given to Defendants;[2] the Clerk did so on May 11. Nothing in the applicable rules, however, precludes the Court from ruling on a motion without a response, *see* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."), and the Court finds no response is required from Defendants before ruling on the Motion.

This brings the Court to the final provision of Rule 4 at issue. Under Rule 4(a)(5)(A)(ii), the Court may grant a party an extension of time to file a notice of appeal upon a showing of excusable neglect or good cause. Ms. Buhendwa's Motion seeks an extension of time in order to find an attorney to assist her in the appeal. The Court need not decide whether Ms. Buhendwa's statement (standing alone) is sufficient as, under the facts and circumstances of this case, the Court nonetheless finds good cause to grant Ms. Buhendwa an extension of time to and including March 15, 2018, the date in which her notice of appeal was filed. Specifically, as stated, Ms. Buhendwa filed her Motion on February 2, 2018, four days after final judgment entered. If the Motion had been denied by the Court before the expiration of the time for appeal, Ms. Buhendwa

---

[2] Defendants were presumably put on notice of the Motion in the Tenth Circuit when Ms. Buhendwa submitted it for consideration there on March 28, 2018.

would have had the opportunity to timely file an appeal, even without counsel. She in fact filed a *pro se* notice of appeal on March 15, 2018. And, the record shows Ms. Buhendwa has timely responded to other matters in this case. Were the Court to deny Ms. Buhendwa's Motion now, the opportunity for her to timely file a *pro se* notice of appeal has long past and her March 15, 2018 appeal would be untimely. Through no fault of her own making as to the filing of the Motion,[3] Ms. Buhendwa would be denied the right to appeal. Accordingly, it is

**ORDERED** that Plaintiff Madina Buhendwa's Motion for Extension of Time to File Notice of Appeal (ECF No. 51) is **GRANTED** to and including March 15, 2018.

DATED this 14th day of May, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[3] The Court recognizes that if Ms. Buhendwa had not engaged in a history of lengthy and abusive filing, filing restrictions would not have been ordered. But, that is a matter that is separate and distinct from the issue at hand.