IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-02167-RM-MJW

MADINA BUHENDWA,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Bus Pass;
(15) BOARD OF DIRECTORS, in their official capacity;
JAMES A. STADLER, in his official capacity;
STEPHEN P. SCHMITZ, in his official capacity;
UNKNOWN DRIVER, in his official capacity;
BENJAMIN NORMAN, in his official capacity;
BILL JAMES;
BARBARA DEADWYLER;
ANGIE RIVERA-MULPIEDE;
JEFF WALKER;
CLAUDIA FOLSKA;
TOM TOBIASSEN;
GARY LASATER;
KENT BAYLEY;
JUDY LUBOW;
LARRY HOY;
PAUL DANIEL SOLAMO;
LORRAINE ANDERSON;
NATALIE MENTEN;
BRUCE DOLTY; and
CHARLES L. SISK,

    Defendants.

---

## ORDER

---

This matter is before the Court on the following matters:

(1)    "Amendment to the Motion to Object" (ECF No. 56);

(2) "If the Following Motions Requires Petition or Approval from the Court, let this Motion Serves as One/Such, a Request for Motion for Entry of Judgment 55(b)" ("Rule 55(b) Motion") (ECF No. 57);[1]

(3) "If the Following Motions Requires Petition or Approval from the Court, let this Motion Serves as One/Such, a Request for Motion for Default Judgment 55(a)" ("Rule 55(a) Motion") (ECF No. 58);

(4) "If the Following Motions Requires Petition or Approval from the Court, let this Motion Serves as One/Such, a Request for Either, Motion 50(a)(1)(B); 60(b)(2); 59(a); and Rule 36; 59(e)" ("Motion for Multiple Relief") (ECF No. 59);

(5) "Motion for Rule 50 Judgment as a Matter of Law in a Jury Trial 50(a)(1)(B)" ("Rule 50 Motion") (ECF No. 60);

(6) "Motion Requesting Admission Rule 36" ("Rule 36 Motion") (ECF No. 61);

(7) "Motion to Supplement the Record" (ECF No. 54); and

(8) "Affidavit not receiving orders" (ECF No. 64).

The Court has considered these filings, the applicable law, the court record in this case, and the Order (ECF No. 62) issued by the United States Court of Appeals for the Tenth Circuit abating Plaintiff's appeal pending this Court's resolution of motions pending. Upon consideration of these matters, and being otherwise fully advised, the Court resolves the pending matters as follows.

**I.  LEGAL STANDARD**

Based on the date stamped on the eight pending motions/matters, six (ECF Nos. 56-61) were received by the Clerk's Office prior to or on the date of the entry of Final Judgment. However, this Court did not receive these six matters for consideration or order that they be

---

[1] It is Order of June 11, 2018 (ECF No. 55), the Court had referred to this motion as filed under Rule *65*(b), when the motion was filed under Rule *55*(b). In this Order, the Court directs the Clerk to correct ECF No. 57 to reflect the correct rule number.

docketed until after Final Judgment had entered and an appeal had been filed. The Tenth Circuit has now abated Plaintiff's appeal pending this Court's "resolution of the pending postjudgment motions." (ECF No. 62, page 2.) Accordingly, the Court will construe the six motions as postjudgment motions under Fed. R. Civ. P 59(e) (motion to alter or amend judgment).[2] And, under Rule 59(e), "relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## II. THE PENDING "POSTJUDGMENT" MOTIONS

### A. The Amendment to the Motion to Object

Plaintiff filed a Motion to Object (ECF No. 35), which the Court considered in its Order of January 29, 2018 (ECF No. 38). In that Order, the Court found the Motion to Object failed to show that filing restrictions should not enter. The Court now considers Plaintiff's Amendment to the Motion to Object, which, although unclear, appears to argue that dismissal of the case (or of the unserved defendants) was not appropriate, and that default or judgment as a matter of law should enter. Having now considered these additional arguments, most of which appear to rely on matters which allegedly occurred in other cases Plaintiff previously filed against the RTD, the Court finds them insufficient to show any error in its January 18 or 29, 2018 Order and resulting Final Judgment, or any basis for granting relief.

---

[2] The Tenth Circuit's Order (ECF No. 62) referred to ECF Nos. 59, 60, 61, but the Court construes all of the six motions which it received for consideration after the Final Judgment, and considers here, to be postjudgment motions.

3

### B. The Rule 55(b) Motion

The title to Plaintiff's motion references Rule 55(b) but the body of the motion refers to Rule 55(a). These rules govern defaults and default judgments. Moreover, the motion appears to be a copy of at least a part of a motion Plaintiff filed in 14-cv-00720-PAB-CBS, and refers also to Judge Lewis T. Babcock who presided in No. 16-cv-03119-LTB. Both cases were filed by Plaintiff also against RTD (and others). The Court has considered this motion and finds Plaintiff fails to demonstrate (through facts, allegations, or legal arguments) that any relief may be had under Rules 55(a) and (b), or otherwise, or that a hearing need be held. *See* D.C.COLO.LCivR 7.1(h) ("A motion may be decided without oral argument, at the court's discretion."). Accordingly, the Court finds this motion also fails to show that relief is warranted under Rule 59(e).

### C. The Rule 55(a) Motion

Plaintiff's Rule 55(a) Motion is identical to her Amendment to the Motion to Object, minus the handwritten matters contained in the latter motion. The Rule 55(a) Motion fails to show relief may be had for the same reasons why the amendment fails to show relief may be had.

### D. The Motion for Multiple Relief

Here, Plaintiff seeks relief under Fed. R. Civ. P. 50(a)(1)(B), 60(b)(2), 59(a), 36, and 59(e). As support for such relief, Plaintiff argues the Court should have remanded this action and declined to exercise supplemental jurisdiction, but apparently relies on or bases her argument on what occurred in one of her prior cases. In addition, Plaintiff argues she has newly discovered evidence related to Civil Action No. 17-cv-1116 and this Court should have remanded this (No. 17-cv-2167) case. Finally, Plaintiff contends she allegedly did not receive

decisions or orders in *other* cases, filed before this case.[3] The Court's examination of these arguments, which are conclusory and lack analysis, shows relief may not be had.

First, relief may not be had under Rule 59(a) as that rule governs grounds for a new trial. Here, no trial has been held. This fact also precludes relief under Rule 50(a)(1)(B), as it provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:...grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

As for relief under Rule 59(e), Plaintiff fails to show any factual or legal basis for a remand (or declining supplemental jurisdiction) in this case; how any alleged void judgment in another case would impact this case; why or how any alleged "newly discovered evidence" in Civil Action No. 17-cv-1116[4] applies to afford any basis for relief under such rule; and how or why Plaintiff's allegations of non-receipt of decisions/orders in other cases serve as grounds for relief in this case. Similarly, as to Rule 60(b)(2), it allows the Court to "relieve a party…from a final judgment, order, or proceeding for the following reasons:…(2) newly discovered evidence…." Again, as stated above, Plaintiff fails to show why or how any alleged "newly discovered evidence" in Civil Action No. 17-cv-1116 applies to afford any basis for relief in this case.

---

[3] The Court notes that Plaintiff's other cases against the RTD are closed.
[4] Civil Action No. 17-cv-1116 is a patent case, in which Plaintiff is not a party. The Court's conclusion would be the same even if Plaintiff were to rely on one of her previously filed cases.

Finally, Plaintiff does not address Rule 36 in this motion but does so in another motion, which the Court addresses below.

**E. The Rule 50 Motion**

In this motion, Plaintiff seeks relief under Rule 50(a)(1)(B) but, as stated above, relief may not be had under this rule as no jury trial has been held in this case.[5] This, this motion also fails to show any relief is proper under Rule 59(e).

**F. The Rule 36 Motion**

Rule 36 governs requests for admissions. Discovery requests are generally not filed with the court. *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing:…requests for admission.") As Plaintiff appears to be moving the Court to order Defendants to respond to such requests, the motion is denied as the case has been resolved. Further, Plaintiff's motions considered herein fail to show that the orders and Final Judgment entered in this case should be altered, amended, or reconsidered, or were otherwise in error. As such, the order of dismissal remains in effect. Discovery may not now be had.

**G. Summary**

In summary, the Court finds that relief may not be had under any of the various Federal Rules of Civil Procedure relied on by Plaintiff in the above motions,[6] including Rules 59(e) and 60(b)(2).

---

[5] Moreover, again, Plaintiff apparently relies on alleged matters and filings in *other* cases, *e.g.*, referring to filings in June 2014, to seek relief in this case under Rule 50.

[6] Even if the Court had considered these motions prior to the entry of Final Judgment, the Court would have reached the same conclusions and entered the same orders.

### III. THE MOTION TO SUPPLEMENT AND AFFIDAVIT

#### A. The Motion to Supplement

On June 8, 2018, Plaintiff filed her Motion to Supplement, seeking to supplement the record on appeal with certain filings which had not been docketed in this case. Upon consideration of Plaintiff's request, the timing of the filings which were not docketed, and the court record, the Court directed that the six motions addressed above be docketed (ECF Nos. 56-61). (ECF No. 55.) The Court also directed Plaintiff to provide the court with any other papers which she asserts that she filed with the court which were not shown on the docket. A copy of the then current docket was mailed to Plaintiff. The time for Plaintiff to provide any other papers she contends were filed but not docketed has now passed, with no further papers provided by Plaintiff for the Court's consideration. *See generally* Docket. Instead, Plaintiff filed an Affidavit, addressed below.

The Court has further considered Plaintiff's request and finds the record on appeal should be supplemented by this Order and the following filings in this case: ECF Nos. 54, 55, 56, 57, 58, 59, 60, 61, 63, and 64. As for Plaintiff's request to supplement the record in this case with filings from *other* cases, that request is denied.

#### B. The Affidavit

Plaintiff's affidavit asserts that she did not receive certain orders in this case and in other cases. The Court does not find relevant, and therefore does not address, what may or may not have allegedly occurred with mailings in *other* cases. As to mailings in *this* case, however, the orders and judgment issued in this case were mailed to Plaintiff at the address she provided and none were returned as undeliverable. To the extent Plaintiff contends otherwise, *i.e.*, that such

papers were not sent, such contention is rejected.  It is apparent from Plaintiff's timely filing of responses, objections, and the like that she has received such papers from the court.  To the extent Plaintiff seeks relief by her affidavit, it is unclear what relief she seeks.  Orders and other papers issued from this court have been and are being mailed to her.  Accordingly, any request for relief is denied.

IV. **CONCLUSION**

Based on the foregoing, it is **ORDERED**

(1) That the "Amendment to the Motion to Object" (ECF No. 56) is **DENIED**;

(2) That "If the Following Motions Requires Petition or Approval from the Court, let this Motion Serves as One/Such, a Request for Motion for Entry of Judgment 55(b)" (ECF No. 57) is **DENIED**;

(3) That "If the Following Motions Requires Petition or Approval from the Court, let this Motion Serves as One/Such, a Request for Motion for Default Judgment 55(a)" (ECF No. 58) is **DENIED**;

(4) That "If the Following Motions Requires Petition or Approval from the Court, let this Motion Serves as One/Such, a Request for Either, Motion 50(a)(1)(B); 60(b)(2); 59(a); and Rule 36; 59(e)" (ECF No. 59) is **DENIED**;

(5) That the "Motion for Rule 50 Judgment as a Matter of Law in a Jury Trial 50(a)(1)(B)" (ECF No. 60) is **DENIED**;

(6) That the "Motion Requesting Admission Rule 36" (ECF No. 61) is **DENIED**;

(7) That the "Motion to Supplement the Record" (ECF No. 54) is **GRANTED IN PART** and **DENIED IN PART** as stated herein, and the Clerk shall supplement the record

on appeal by transmitting a copy of the following to the U.S. Court of Appeals for the Tenth Circuit:

(a) This Order;

(b) ECF Nos. 54, 55, 56, 57, 58, 59, 60, 61, 63, and 64; and

(c) The current docket sheet;

(8) That the "Affidavit not receiving orders" (ECF No. 64), to the extent it seeks relief, is **DENIED**; and

(9) That the Clerk shall correct ECF No. 57 to reflect that it is filed under 55(b).

DATED this 28th day of June, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge